IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40458
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LAWRENCE EDWARD FUGATE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-396-1
--------------------
April 5, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

    Lawrence Edward Fugate appeals his jury conviction for possession with intent to distribute 605 kilograms of marijuana. He contends that he was denied a fair trial because of the prosecutor's misconduct in suggesting to the jury during its questioning of Fugate that he bore responsibility for presenting certain witnesses and in making certain remarks during closing argument.

    Even if the prosecutor's questioning was improper, Fugate has not shown that the questions deprived him of a fair trial as the

---

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prejudicial effect, if any, of the questions was small, the district court stopped the questioning quickly and instructed the jury as to the proper burden of proof, and there was sufficient evidence for the jury to find that Fugate was not an unwitting driver.  See United States v. Anchondo-Sandoval, 910 F.2d 1234, 1237 (5th Cir. 1990); United States v. Andrews, 22 F.3d 1328, 1344 (5th Cir. 1994).

Nor was there any plain error in the prosecutor's closing argument because the district court's charges to the jury helped mitigate any prejudicial effect of the prosecutor's remarks and the Government put on ample evidence of Fugate's guilt.  See United States v. Washington, 44 F.3d 1271, 1279 (5th Cir. 1995); United States v. Gallardo-Trapero, 185 F.3d 307, 321 (5th Cir. 1999).  Consequently, the conviction is AFFIRMED.